IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REEWEN C. D'SOUZA-KAMATH, M.D.
AND MONIKA K. D'SOUSA-KAMATH, M.D.,

        Plaintiffs,

v.                                                Case No.      07-4031-JAR

CLOUD COUNTY HEALTH CENTER, INC.
AND CLOUD COUNTY FOUNDATION
FOR HEALTH CARE INC.,

        Defendants.

## **ORDER**

        This matter comes before the court upon plaintiffs' Motion to Withdraw as Counsel (Doc. 11). Plaintiffs' local counsel, Randall J. Forbes and Clint Patty, as well as plaintiffs' other counsel, Kenneth J. Haber and Michael J. Tabacco, seek to withdraw as plaintiffs' counsel. The present motion indicates that opposing counsel does not oppose the requested leave.

        Subsequent to the filing of plaintiff's Motion to Withdraw (Doc. 11), Mr. Gary D. White, Jr. entered his appearance on behalf of plaintiff Reewen C. D'Souza-Kamath (Doc. 14). Mr. White did not enter his appearance on behalf of plaintiff Monika D'Souza-Kamath. After Mr. White's entry of appearance, Mr. White filed two Motions for Leave to Appear Pro Hac Vice, one for Mr. James Clayton Culotta (Doc. 15) and the other for Ms. Jennifer Hinkebein Culotta (Doc. 16). These motions seek leave to appear solely on behalf of plaintiff Reewen C. D'Souza-Kamath.[1]

---

[1] The court has contacted Mr. White who has informed that Monika D'Souza-Kamath might wish to no longer proceed with this case. Mr. White also informed the court that he had originally intended to enter his appearance solely on behalf of Mr. Reewen C. D'Souza-Kamath. The court reminds counsel that when the court enters this order allowing Mr. Patty, Mr. Haber,

**Standard**

D. Kan. Rule 83.5.5 requires a motion to withdraw to be "served either personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client. Proof of personal service or the certified mail receipt, signed by the client, or a showing satisfactory to the court that the signature of the client could not be obtained, shall be filed with the clerk."

**Discussion**

As detailed below, the court finds that plaintiffs' counsel has met the requirements of D. Kan. Rule 83.5.5.

Subsequent to filing their original motion which did not include proof of personal service or a certified mail receipt, plaintiffs' counsel filed a "Notice of Service" (Doc. 12). This filing states plaintiffs' counsel served on the Motion to Withdraw as Counsel on plaintiffs by electronic and certified mail on plaintiffs as well as discussing the matter of withdrawal with plaintiffs through subsequent oral and written communication. However, the "Notice of Service" also informed "counsel is unable to locate confirmation of service and, out of an abundance of caution and to provide mailing confirmation, certify that on the 8th day of June, another copy of the attached Motion to Withdraw as Counsel (Doc. 11), filed on April 27, 2007, was served by certified, first class mail, return receipt requested, on plaintiffs [.]"

On June 18, 2007, plaintiffs' counsel filed a certificate of compliance certifying that on the June 12, 2007, both plaintiffs were served with a copy of the Motion to Withdraw as Counsel (Doc.

---

Mr. Tabacco and Mr. Forbes to withdraw from this case, Monika D'Souza-Kamath will no longer have representation and will be proceeding *pro se*. If Monika D'Souza-Kamath no longer wishes to proceed in the present action, Mr. White could enter his appearance on her behalf and make the necessary filings so as to remove Monika D'Souza-Kamath from these proceedings.

11).[2] In compliance with D. Kan. Rule 83.5.5, plaintiffs' counsel attached to this certificate of compliance two signed return of receipt cards from both plaintiffs.[3]

As a result, the court finds that plaintiffs' counsel have met the requirements of D. Kan. Rule 83.5.5 and the present motion will permit plaintiffs' counsel's withdrawal.

The present motion also asks the court to stay all pending deadlines for sixty (60) days in order to allow plaintiffs to find substitute counsel.  While the court is mindful that a grant of a subsequent Motion to Withdraw would necessitate allowing plaintiffs additional time to locate other counsel, the court is not inclined to formally stay all proceedings.  Rather, once defendants have filed their responsive pleading,[4] the court shall schedule the telephone scheduling conference such that the plaintiffs will be afforded sufficient time to locate other counsel without the necessity of a formal stay.

Having considered the Motions for Leave to Appear Pro Hac Vice filed March 5, 2007, (Docs 15 and 16) and for good cause shown, the court finds that said motions should be granted and that James Clayton Culotta and Jennifer Hinkebein Culotta should be and hereby are admitted to practice in the United States District Court for the District of Kansas for purposes of this case only.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Withdraw (Doc. 11) is granted in part and denied in part.

---

[2] *See* (Doc. 12).

[3] *See* (Doc. 13) at (Exhibit A)(Exhibit B).

[4] This should occur on or around August 20, 2007.  *See* Order (Doc. 21).

IT IS FURTHER ORDERED that James Clayton Culotta and Jennifer Hinkebein Culotta's Motion for Leave to Appear Pro Hac Vice (Docs. 15 and 16) as to plaintiff Reewen C. D'Souza-Kamath's are granted.

Dated this 31st day of July, 2007, at Topeka, Kansas.

                                       s/ K. Gary Sebelius  
                                       K. Gary Sebelius  
                                       U.S. Magistrate Judge